United States District Court
Southern District of Texas
**ENTERED**
July 09, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:17-420 |
| | § | |
| DOLORES GUTIERREZ, | § | |
|   Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Dolores Gutierrez' "Motion for Sentence Reduction and/or Judicial Recommendation Pursuant to 18 USC 3621(b)(e)(2), 18 USC 3624(c)(1), 18 USC 3582(c)(1)(A)(1), Fed R. Proc. 35 and 60(B)(6) and 3742(e)." D.E. 54. Defendant repeats her prior requests that the Court: (1) remove the sentencing enhancement she received for possessing a dangerous weapon in connection with a drug trafficking offense so that she may be considered for early release for successfully completing the Residential Drug Abuse Program (RDAP), and (2) issue a non-binding recommendation that she be permitted to serve the maximum 12 months' placement in a halfway house. *See* D.E. 48, 52.

**I. Motion to Remove Weapons Enhancement**

The Violent Crime Control and Law Enforcement Act of 1994 provides that federal prisoners convicted of *nonviolent offenses* who remain in custody after completing treatment in an RDAP *may* receive a reduction in their sentences of up to one year. 18 U.S.C. § 3621(e)(2)(B). Section 3621 does not define "nonviolent offense"; instead, Congress allowed criteria to be established by the Bureau of Prisons. H.R. Rep. 103–320, 103rd Cong., 1st Sess. (1993). Under current BOP regulations, "Inmates whose current offense is a felony . . . that involved the carrying, possession, or use of a firearm" are not eligible for early release. 28 C.F.R.

1

§ 550.58(vi)(B). Defendant complains that she is ineligible for early release because of the sentencing enhancement she received for possessing a dangerous weapon in connection with a drug trafficking offense.

"The enhancement for weapon possession . . . should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected to the offense." U.S.S.G. § 2D1.1(b)(1), comment. n.11(A). Here, Defendant had drugs and two loaded handguns on her person at the time of her arrest, and she admitted she had more narcotics and weapons at home. There, agents found 15 firearms, powder and crack cocaine, and the methamphetamine involved in the instant offense. According to her Presentence Investigation Report, 14 of the firearms functioned properly and were found in close proximity to the methamphetamine. D.E. 25 ¶¶ 8, 9, 15. In its prior Memorandum Opinion & Order denying Defendant's motion under 28 U.S.C. § 2255, the Court held that "the evidence clearly supports the application of the firearm enhancement." D.E. 50, p. 6.

In her current motion, Defendant does not dispute that she possessed any of these firearms in connection with her drug trafficking offense, nor does she cite any authority allowing the Court to adjust its sentencing determinations at this time. Accordingly, her request that the Court remove the weapons enhancement is denied.

**II. Motion for Judicial Recommendation**

Defendant also moves the Court to issue a non-binding recommendation that she be permitted to serve the maximum 12 months' placement in a halfway house pursuant to 18 U.S.C. §§ 3621(b) and 3624(c)(1). For the reasons set forth in the Court's May 18, 2020 Order denying Defendant's previous Motion for Judicial Recommendation (D.E. 52, 53), her request is denied.

## III. Conclusion

For the reasons stated herein, Defendant's Motion for Sentence Reduction and/or Judicial Recommendation (D.E. 54) is **DENIED**.

It is so **ORDERED** this 29th day of June, 2020.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE